IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER WEST, | § | |
| | § | No. 298, 2016 |
| Defendant Below-<br>Appellant, | §<br>§ | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 1107001026 |
| | § | |
| Plaintiff Below-<br>Appellee. | §<br>§ | |

Submitted:  July 20, 2016
Decided:  September 23, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

### **O R D E R**

This 23rd day of September 2016, upon consideration of the appellant's opening brief and amended appendix, the State's amended motion to affirm, and the record below including the supplemental transcript, it appears to the Court that:

(1)    The defendant-appellant, Christopher West, filed this appeal from the Superior Court's clarification of his habitual offender sentence on June 7, 2016 and resulting denial of his motion for correction of sentence.  We find no merit to the appeal.  Accordingly, we affirm.

(2)    The record reflects that West pled guilty in January 2012 to one count each of Robbery in the First Degree and Robbery in the Second Degree.  Through counsel, West agreed that he was eligible for sentencing as a habitual offender

under 11 *Del. C.* § 4214(a). On March 30, 2012, the Superior Court declared West to be a habitual offender and sentenced him to a total period of twenty-eight years at Level V incarceration to be suspended after serving twenty-five years in prison for a period of probation. West did not file a direct appeal. Since his sentencing, West has filed three unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61.[1]

(3) In April and May of 2016, West filed a motion and an amended motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). He alleged that his habitual offender sentence is illegal because the State failed to prove that West had three *prior* felony convictions, as evidenced by the sentencing judge's statement that West had "three separate felonies, each successive to the other, *including* the present matter…."[2] West also argued that his sentence is illegal because the judge did not properly consider the presentence investigation report ("PSI"). On June 7, 2016, the Superior Court held a hearing and clarified on the record that West had three prior felony convictions, not including his most recent conviction, which formed the bases for West's habitual offender sentence.

---

[1] *See, e.g., West v. State*, 2016 WL 4547912 (Del. Aug. 31, 2016) (affirming the denial of West's third Rule 61 motion).

[2] Sentencing Hearing Tr. at 3 (Mar. 30, 2012) (emphasis added). Despite this statement, which appears to suggest that West only had two prior felony convictions, the guilty plea transcript shows that West conceded he was a habitual offender because of three prior felony convictions in 2003, 2004, and 2009. Guilty Plea Tr. at 3 (Jan. 9, 2012).

The Superior Court otherwise denied West's motion for correction of illegal sentence. This appeal followed.

(4) After careful consideration, we affirm the Superior Court's judgment, but we do so on the independent and alternative basis that West's motion, which challenged the legality of the manner in which his sentence was imposed, was not timely filed.[3] Under Rule 35(a), a motion for correction of illegal sentence may be filed "at any time."[4] But, a motion to correct a sentence imposed in an illegal manner is subject to the 90-day limitations period of Rule 35(b).[5]

(5) A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[6] West's claims that he did not receive a proper habitual offender hearing and that the sentencing judge did not mention the PSI report relate to the manner in which his sentence was imposed.[7] Given that West conceded he was eligible for habitual offender sentencing, there are no

---

[3] *Unitrin, Inc. v. American Gen. Corp.* 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

[4] Super. Ct. Crim. R. 35(a).

[5] *Id.*

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[7] *See Davis v. State*, 2016 WL 358965 (Del. Jan. 28, 2016).

extraordinary circumstances to warrant the Superior Court's consideration of his untimely motion under Rule 35(b).[8]

(6)   West's remaining claims on appeal all stem from his mistaken characterization of the Superior Court's June 7, 2016 hearing on his motion for correction of sentence as a "resentencing" hearing.  In fact, the purpose of the June 7, 2016 hearing, as stated by the Superior Court several times on the record, was simply to clarify something that was said at West's original sentencing hearing. The clarification did not result in any modification of the Superior Court's 2012 sentencing order.  Under the circumstances, we find no merit to West's assertions that, before the June 7 hearing, the Superior Court was required: (i) to appoint counsel to represent him; (ii) to consider his motion to withdraw his plea; and (iii) to hold a new habitual offender hearing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[8] *Id.*